CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 20 2010
JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMIAH ANTHONY DOVE, | ) | Civil Action No. 7:09-cv-00101 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SUPT. GERALD A. McPEAK, | ) | By: Hon. Jackson L. Kiser |
|     Defendant. | ) | Senior United States District Judge |

Jeremiah Anthony Dove, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Superintendent Gerald A. McPeak of the New River Valley Regional Jail ("Jail") as the sole defendant. Plaintiff alleges Jail staff removed without reason his money from his inmate trust account. The defendant filed a motion for summary judgment, and plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant the defendant's motion for summary judgment.

I.

The record, including the verified complaint, the defendant's affidavit, and state court records, reveals the following information. Plaintiff assaulted two inmates while he was incarcerated at the Jail between August 2005 and April 2006. The Jail paid for these victims' medical care. The Pulaski County General District Court charged plaintiff with two counts of assault and battery on October 15, 2005. The general district court subsequently ordered plaintiff to pay restitution to the Jail for the two victims' care, which amounted to $1,224,47 and $4,205.56, respectively. Jail staff transferred $49.00 from plaintiff's inmate account on December 11, 2006; $250.00 on December 18, 2006; and $100.00 on April 18, 2007. Notably, defendant was the Jail's Director of Operations, not the Jail's superintendent, at the time of the

transfers. Plaintiff signed his complaint on March 11, 2009, and I consider this date the earliest he could have handed his complaint to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (discussing the prison-mailbox rule).

II.

A.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a

---

[1] The parties received reasonable and explicit notice of the possibility that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d).

2

reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.

The Reconstruction Civil Rights Acts, which include 42 U.S.C. §1983, do not specifically provide a statute of limitations during which time claims may be brought. McCausland v. Mason County Bd. Of Educ., 649 F.2d 278, 279 (4th Cir. 1981). Instead, the limitations period in a § 1983 suit is the limitations period that the forum state uses for general personal injury cases. Owens v. Okure, 488 U.S. 235, 249-50 (1989). See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding Virginia's rules regarding equitable tolling apply when Virginia's statute of limitations applies). Virginia's applicable statute of limitations for a § 1983 action is two years. See Va. Code § 8.01-243(A). However, federal law itself governs the question of when a cause of action accrues. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when

3

the plaintiff "can file suit and obtain relief." Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997).

Plaintiff's cause of action accrued each time the Jail removed money from his account, twice in December 2006 and once in April 2007. However, the two December transactions occurred beyond the two-year limitation period from plaintiff's March 11, 2009, filing. Plaintiff does not present any basis for tolling the statute of limitations. Therefore, plaintiff's claims regarding the two December transactions are barred by the statute of limitations.

Defendant also argues that the April 2007 transaction is barred by the statute of limitations because the amendment naming the defendant should not relate back to the complaint's filing date. Defendant argues that plaintiff did not serve the complaint within 120 days of filing it. See Fed. R. Civ. P. 4(m). However, the court needed time to process plaintiff's request to proceed in forma pauperis before serving the complaint on plaintiff's behalf, which constitutes good cause. Thus, the time in excess of 120 days before the court served the complaint is not charged against plaintiff. See Fed. R. Civ. P. 4(m) advisory committee's note. Accordingly, the amendment relates back to the complaint's filing date, and plaintiff's claim regarding the April 2007 transaction is not barred by the statute of limitations. However, plaintiff is not entitled to relief for this claim.

C.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has not alleged that the defendant actually transferred the funds from his inmate account

or ordered someone else to transfer the funds. Furthermore, the defendant was not the Jail's superintendent when the transfers occurred. Plaintiff acknowledges in his unverified response to the defendant's motion that he named the defendant specifically because a correctional officer advised him that he had to name a Jail official and not the Jail itself. Plaintiff also stated in a letter to the court that he named the defendant because he is the present superintendent and "oversees everything." (Pl.'s Letter (no. 10) 1.)

Notably, the defendant avers that he did not order plaintiff's money removed from his inmate account and was not the Jail's superintendent when the transfers occurred. Absent any personal action by the defendant, plaintiff can not establish § 1983 liability against him as alleged. Moreover, allegations that prison officials intentionally or negligently deprived an inmate of his property do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff possesses a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act ("VTCA"). See Va. Code § 8.01-195.3. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff can not prevail with a constitutional claim under § 1983 based on the alleged money loss in this case.

III.

For the foregoing reasons, I grant the defendant's motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER**: This 20th day of April, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge